UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-10144-RWZ

CLAIRE DOWNEY

v.

AETNA LIFE INSURANCE COMPANY
and
BANK OF AMERICA LONG TERM DISABILITY PLAN


MEMORANDUM OF DECISION

November 22, 2013


ZOBEL, D.J.

Claire Downey brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 et seq., to challenge the denial of her claim for long-term disability ("LTD") benefits by defendant Aetna Life Insurance Company ("Aetna"), which insured and decided disability claims for the Bank of America Long Term Disability Plan ("the LTD Plan").  The matter is before me on the parties' cross-motions for summary judgment on the stipulated administrative record ("AR") (Docket ## 25 and 28).

I.      Background

Plaintiff ceased working for Bank of America ("BoA") on June 4, 2009.  Prior to that time, BoA employed her as a Home Service Specialist, which, according to BoA's

description, consists of "process[ing] loans approved by an Underwriter or an automated decisioning system," "verifying conditions of approval," and "resolv[ing] routine title issues." AR 00233. Home Service Specialist is a sedentary occupation.[1] Id. 00827. BoA provided plaintiff with coverage under the LTD Plan, which is governed by ERISA. Aetna insures the LTD Plan's disability benefits and acts as the LTD Plan's claim fiduciary.

A brief history of plaintiff's claims for disability benefits is necessary to put the present matter in context.

### A.     Short-Term Disability ("STD") Benefits

Plaintiff saw a neurologist on May 27, 2009, complaining of pain in her neck and upper extremities. She filed a claim for short-term disability ("STD") benefits on June 5, 2009,[2] and supplemented it shortly thereafter with a diagnosis of herniated cervical disc

---

[1]The Dictionary of Occupational Titles ("DOT"), published by the Department of Labor, lists five ratings of the estimated physical strength requirements of a particular job: sedentary, light, medium, heavy, and very heavy. U.S. Dep't of Labor Dictionary of Occupational Titles (4th ed. 1991), *available at* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM. Sedentary work is defined as

> [e]xerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

Id. App'x C: Components of the Definition Trailer, IV.Physical Demands—Strength Rating (Strength).

[2]For a thorough review of the medical history in plaintiff's short-term disability benefits case, see Downey v. Aetna Life Ins. Co., No. 10-12055-DPW, 2012 WL 787372 (D Mass. Mar. 8, 2012) (Woodlock, J.).

by her doctor. Aetna denied plaintiff's request for STD benefits on July 15, 2009.[3] Plaintiff submitted additional notes from the neurologist, but Aetna upheld its denial on July 24, 2009. Plaintiff appealed, and Aetna affirmed its denial, and by letter dated December 22, 2009, explained its reasons for the decision and advised plaintiff of her right to bring a civil action under section 502(a) of ERISA.

Plaintiff filed such an action on November 29, 2010. The parties cross-moved for summary judgment. The court granted plaintiff's motion for the limited purpose of remanding the case to allow Aetna's physician consultants to review an Electromyogram (EMG)/nerve conduction study plaintiff underwent on November 7, 2009, to which the physicians did not have access when they first reviewed plaintiff's file. Downey v. Aetna Life Ins. Co., No. 10-12055-DPW, 2012 WL 787372, at *14 (D. Mass. Mar. 8, 2012). Aetna has since disseminated the EMG/nerve conduction study to a pulmonologist, a rheumatologist, a neurologist, and a physician specializing in occupational medicine. Docket # 14. Each consultant concluded that the EMG/nerve conduction study did not alter his or her opinion that plaintiff was able to perform her job duties. Id. Plaintiff's STD benefits case has been terminated, and the court is aware of no further activity regarding that claim.

### B.   Long-Term Disability Benefits

Plaintiff filed a claim for LTD benefits on September 22, 2010. Aetna denied it on November 3, 2010, for two reasons: (1) plaintiff did not satisfy the "elimination

---

[3] It did so because despite the diagnosis, "[the neurologist] failed to submit any examination findings that would support [plaintiff] from being unable to perform [her] occupation as a Home Service[] Specialist." AR 00027.

period" specified in the LTD Plan,[4] and (2) the evidence did not demonstrate that plaintiff was unable to do her job. Plaintiff appealed the decision on May 23, 2011, and enclosed additional medical evidence. Aetna sent plaintiff a final denial of benefits letter on November 10, 2011. Plaintiff then filed the present action on January 24, 2012.

## II.  Standard of Review

"[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the plan gives the administrator or fiduciary such discretion, a reviewing court must uphold its decision "unless it is arbitrary, capricious, or an abuse of discretion." Cusson v. Liberty Life Assurance Co. of Boston, 592 F.3d 215, 224 (1st Cir. 2010) (internal quotation and citation omitted). The LTD Plan language provides that

> [f]or the purpose of section 503 of Title 1 of the Employee Retirement Income Security Act of 1974, as amended (ERISA), We are a fiduciary with complete authority to review all denied claims for benefits under this Policy. This includes, but is not limited to, the denial of certification of the medical necessity of hospital or medical treatment. In exercising such fiduciary responsibility, We shall have discretionary authority to determine whether and to what extent eligible employees and beneficiaries are entitled to benefits and to construe any disputed or doubtful terms under this Policy, the Certificate or any other document incorporated herein. We shall be deemed to have properly exercised such authority unless We abuse our discretion by acting arbitrarily and capriciously. We have the right to adopt reasonable policies, procedures, rules, and interpretations

---

[4]The "elimination period" is "the length of time during a period of disability that must pass before the benefits start." AR 01171.

of this Policy to promote orderly and efficient administration.

AR 01217. The plan's language unequivocally grants Aetna the discretionary authority to determine eligibility for benefits and to construe Plan terms.[5] Therefore, the "arbitrary and capricious" standard of review applies.

## III. Analysis

To qualify for benefits under the LTD Plan, a claimant must satisfy the "elimination period." Id. 01171. The "elimination period" is the greater of (1) "the first 180 days of a period of disability," and (2) "the period of time when disability benefits are payable from any short term disability benefits with the exception of any statutory disability benefits, accumulated sick time or salary continuation program sponsored by your Employer."[6] Id. 01193. Here, Aetna did not change its conclusion regarding plaintiff's eligibility for STD benefits following dissemination of the EMG/nerve conduction study, and plaintiff has not sought further judicial review of that conclusion. Neither Aetna nor this court has found plaintiff disabled for any period of time, much less the 180-day elimination period. Therefore, plaintiff cannot satisfy a threshold

---

[5] For this reason, Gross v. Sun Life Assurance Co. of Canada, No. 12-1175, 2013 WL 4305006 (1st Cir. Aug. 16, 2013), which held that plan language stating that a claimant's "[p]roof [of claim] must be satisfactory to [the administrator]" is reviewed de novo, is easily distinguishable. Id. at *8. The Court held that such language is "a far cry" from language explicitly granting the insurer discretionary authority to make eligibility decisions, as is present in the LTD Plan. Id. at *10.

[6] The LTD Plan's "test of disability" provides that from the date a claimant first becomes disabled until monthly benefits have been paid for 18 months, a claimant is deemed disabled if (1) "[the claimant is] not able to perform the material duties of [his or her] own occupation solely because of[] disease or injury;" and (2) "[the claimant's] work earnings are 80% or less of [his or her] adjusted predisability earnings." AR 01171.

eligibility requirement for LTD benefits, and her claim must fail.[7]

## IV. Conclusion

Plaintiff's motion for summary judgment (Docket # 25) is DENIED. Defendant's cross-motion for summary judgment on the stipulated administrative record (Docket # 28) is ALLOWED. Judgment may be entered accordingly.

|  |  |
|---|---|
|   November 22, 2013   |   /s/Rya W. Zobel   |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |

---

[7] Although it is not necessary to reach the matter in order to resolve this case, I further observe that plaintiff's LTD benefits claim fails on its merits. At best, plaintiff can only establish that there is conflicting medical evidence regarding her ability to perform her job duties. However, "the existence of medical evidence pointing in two directions does not render arbitrary or capricious a plan administrator's decision to credit one viewpoint or the other." Buffonge v. Prudential Ins. Co. of Am., 426 F.3d 20, 28 (1st Cir. 2005).